Macay, Judge.—
The question is, whether an adverse possession for seven years without title bars the right of entry.
The law in this case, I had considered as settled until lately, when it has been alledged, that a naked adverse possession without title, or colour of title, did not bar the right of entry.
In order to investigate this subject, it will be necessary to compare our statute of limitations, passed in the year 1715, with the statute of limitations in England, 21 Jac. 1, chap. 16; that it may appear how the determinations arising out of the 21 Jac. 1, may apply in principle to the cases arising out of our own statute of limitations. *537 Perhaps this cannot be done more satisfactorily than by inserting both statutes, and contrasting them as far as they relate to the present question.
Statute 21, Jac. 1, chap 16. An Act for limitation of actions, and for avoiding suits in law.
For quieting mens’ estates, and avoiding suits, be it enacted, &c. That all writs of formedon in descender, formedon in remainder and formedon in reverter, at any time hereafter to be sued of brought, of or for any manors, lands tenements, or hereditaments, whereunto any person or persons now hath or have any title, or cause to pursue, or have any such writ, shall be sued and taken within twenty years, next after the end of this present session of parliamont; and after the said twenty years expired, no such person or persons, or any of their heirs, shall have or maintain any such writ, of or for any of the said manors, lands, tenements or hereditaments, and that all writs of formedon in descender, formedon in remainder, and formedon in reverter, of any manors, lands, tenements or other hereditaments whatsoever, at any time hereafter to be sued or brought by occasion or means of any title or cause hereafter happening, shall be sued and taken within twenty years next after the title and cause of action first descended or fallen, and at no time after the said twenty; and that no person or persons, that now hath any right or title of entry into any manors, lands, tenements or hereditaments, now held from him or them, shall thereinto enter, but within twenty years next after the end of this present session of parliament, or within twenty years next after any other title *538 of entry accrued; and that no person or persons shall at any time hereafter make any entry into any lands, tenements or hereditaments, but within twenty years next after his or their right or title, which shall hereafter first descend or accrue to same; and in default thereof such persons so not entering, and their heirs, shall be utterly excluded and disabled from such entry after to be made; any former laws or statute to the contrary notwithstanding.
2 Sec. Provided nevertheless, that if any person or persons that is or shall be entitled to such writ or writs, or that hath or shall have such right or title of entry be or shall be at the time of the said right or title first descended, accrued, come or fallen, within the age of one and twenty years, feme covert, non compos mentis, imprisoned or beyond the seas, that then such person and persons, and his and their heir and heirs shall or may, notwithstanding the said twenty years expired, bring his action or make his entry as he might have done before this act, so as such person and persons, or his or their heir and heirs, shall, within ten years next after his and their full age, discoverture, coming of sound mind, enlargement out of prison, or coming into this realm, or death, taken benefit of and sue forth the same, and at no time after the said ten years.
Statute Limitations, passed 1715, chap. 27. An act concerning old titles of lands, and for limitation of actions, and for avoiding suits in law.
I. Whereas suits, debate and controversy, hath heretofore been, and may hereafter arise *539 by means of ancient titles to land derived from patents granted by the Governor of Virginia, the conditions of which patents have not been performed, nor quit-rents paid, or the land have been deserted by the first patentees, or for or by reason or means of former entries or patents granted in this government; for prevention whereof, and for quieting mens’ estates, and for avoiding suits in law,
II. Be it enacted, &c. That all possessions of or titles to any lands, tenements or hereditaments whatsoever, derived from any sales, made either by creditors, executors or administrators, of any person deceased, or by husbands and their wives, or husbands in right of their wives, or by endorsement of patents, or otherwise, of which the purchaser or possessor, or any claiming under them, have continued, or shall continue in possession of the same for the space of seven years, without any suit in law, be and are hereby ratified, confirmed and declared good and legal to all intents and purposes whatsoever, against all and all manner of persons, any former or other title or claim, act, law, usage or statute to the contrary in any wife notwithstanding.
III. That no person or persons, nor their heirs, which hereafter shall have any right or title to any lands, tenements or hereditaments, shall thereunto enter or make claim, but within seven years next after his, her or their right or title, which descend or accrue; and in default thereof, such person or persons so not entering, or making default, shall be utterly excluded and *540 disabled from any entry or claim thereafter to be made.
IV. Provided nevertheless. That if any person or persons that is, or hereafter shall be entitled to any right or claim of lands, tenements or hereditaments, shall be, at the time the said right or title first descended, accrued, come or fallen within the age of twenty-one years, feme covert, non compos mentis, imprisoned or beyond seas, that then such person or persons shall and may, not withstanding the said seven years be expired, commence his, her or their suit, or make his, her or their entry, as he, she or they might have done before this act, to as such person or persons shall within three years next after full age, discoverture, coming of sound mind, enlargement out of prison, or persons beyond seas, within eight, years after the title or claim becomes due, take benefit and sue for the same, and at no time after the times or limitations herein specified; but that all possessions held without suing, such claims as aforesaid shall be a perpetual bar against all and all manner of persons whatsoever, that, the expectation of heirs may not in a short time leave much land unpossessed, and titles so perplexed that no man will know of whom to take or to buy land.
Under the statute 21, Jac. 1, it has been held, " That no person can in any case bring an ejectment, unless he has in himself a right of entry; for as he is supposed to have entered with a good title on the land, and made a good lease to the fictitious lessee, the law will not suppose an entry made to make a lease whereby the title is to be *541 tried, Esp. 430, 3 Blac. 206. Therefore, when it happens that the person claiming title to the lands has no right of entry, he cannot maintain his action.”
" But though a good and lawful title may in fact subsist in the plaintiff, yet he may be barred of his entry, and so of his recovering by this action, under the 21 Jac 1. chap. 16, which enacts, That no person shall make an entry into lands, &c. but within twenty years after his right and title shall accrue, with the usual savings of feme coverts, infants and persons insane, &c.”
“ Therefore, if the lessor of the plaintiff is not able to prove himself or his ancestors to have been in possession, within twenty years before the action brought, he shall be nonsuited.”
" The possession or entry of the lessor of the plaintiff within twenty years, which is necessary to give him title, must be an actual possession or entry, not a presumptive or implied one: Esp. 432, 2 H. 1142.
“ So that the twenty years possession, which is sufficient to bar the ejectment or to give a title, must be an adverse possession, for when it appears not to be adverse, the statute of limitation does not run.” Esp. 433. In the case Reading vs. Royston, 2 Sal. 423, this doctrine is more fully explained also in Cow. 217. It is to be submitted to the jury to say what is an adverse possession. It is not necessary that a man should be expelled from his possession with force; the getting possession lawfully, but afterwards hold *542 ing it against the will of the owner, will amount to an adverse possession.
" Proof of possession within twenty years is not only necessary to support the title of the lessor of the plaintiff, but such possession for twenty years without interruption, shall be a good title in itself to recover in ejectment, without any other; for an uninterrupted possession for twenty years is like a descent which tolls on entry, and gives a right of possession which is sufficient in ejectment; so that, though the defendant be the person who has the legal right to the premises, yet he cannot justify ejecting the plaintiff, who has had twenty years previous peaceable possession.
Now let us examine how much stronger is our statute or limitations in favour of a naked possession, if I may be allowed the expression.
It appears from the preamble of the act (which is not a part of the act) that it had been a practice of the Governor of Virginia and the Government of North-Carolina, to grant lands lying in North-Carolina, the titles to lands had become so doubtful, that no man knew when he was safe in purchasing. It was highly necessary to encourage the settlement of the country, which could not be done unless men could be secured in their possessions, which they then had or might afterwards acquire; therefore this act was passed.
Taking this act as it regards possessions only, it will read in this manner and be so construed: That all possessions of lands, tenements and he- *543 reditaments whatsoever, derived from any sales made by creditors, executors or administrators, of any person deceased, or by husbands and their wives, or husbands in right of their wives, or by indorsement of patents, or otherwise, of which the possessor, or any claiming under him, have continued, or shall continue in possession of the same, for the space of seven years, without any suit in law, be and are hereby ratified, confirmed and declared good and legal to all intents and purposes whatsoever, against all and all manner of persons whatsoever, any former title or claim, act, law, usage or statute in any wife notwithstanding. The act would have the same reading with respect to titles made by creditors, executors, &c. and have the same construction: But this act has an expression that seems to guard every possible case, “ or otherwise;" so that the possession for seven years, no matter how acquired, would be a good title, unless the law would look upon and consider that possession the possession of both, or, in other words, the defendant holding the possession for the lessor of the plaintiff.
In no part of this act is the colour of title mentioned, nor does it appear that it ever was deemed necessary. It has been said, that a title to lands, defective in itself, but attended with seven years peaceable possession, shall ripen into a good title; but if the title be ever so old, and seven years of peaceable possession has not accompanied it, the title is good for nothing. Then the possession makes the title valid: why then should not the seven years of such posses *544 sion be good? It is surely the substantial part of the title, and that which gives it validity under the English Stat. of 21. Jac. 1. and in my opinion it does the same under our own statute, and I have understood it was so considered before the revolution of 1776. But of this I have no knowledge, only from the old practitioners.
But admitting the 2d section has no relation to the present question, the 3d section makes it absolutely necessary that every person shall enter or make his claim within seven years after his right or title shall descend or accrue, otherwise he shall be utterly excluded and disabled from any entry or claim thereafter to be made. In the latter part of the proviso. " But that all possessions held without suing, such claim as aforesaid shall be a perpetual bar against all and all manner of persons whatsoever, that the expectation of heirs may not, in a short time, leave much land unpossessed, and titles so perplexed, that no man will know from whom to take or buy land,” in my opinion clearly establishes that the General Assembly had only a possession in contemplation, and that possession unattended with any title whatever. Giving our act of Assembly this construction, all the cases on this point arising on the slat. 21. Jac. 1. apply to the act of limitations passed in 1715, chap. 27. And seven years adverse possession will vest in the lessor of the plaintiff such title, that if he should be turned out of possession, or deprived of his possession, he could recover the same in ejectment. I am therefore of the opinion the plaintiff ought to recover.
*545 Taylor, Hall and Locke, Judges.
—Seven years possession without a colour of title, is not sufficient to bar the plaintiff in ejectment.
Note. These three judges appeared, to found their opinions on the principles advanced in the observations on the statute of limitations published by Judge Taylor.